**Yaseen SHARIF, Plaintiff–Appellant,**

**v.**

**Willie BUCK, Jr. Defendant–Appellee.**

**Docket No. 04–5789–CV.**

United States Court of Appeals, Second Circuit.

Oct. 17, 2005.

Yaseen Sharif, Rochester, New York, for Appellant, pro se.

Patrick B. Naylon, Goldberg Segalla, LLP, Rochester, New York, for Appellee.

Present: WALKER, Chief Judge, MESKILL, and McLAUGHLIN, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Yaseen Sharif, pro se, appeals from a September 30, 2004, decision of the United States District Court for the Western District of New York (David G. Larimer, *Judge*) granting defendant-appellee summary judgment and dismissing his claims under 42 U.S.C. § 1983. Appellant argues that the district court improperly dismissed his complaints that (1) his employment had been impermissibly terminated; (2) he was discriminated against on the basis of his religion; and (3) his due process rights were violated by the Rochester Association of Paraprofessionals' handling of his grievances. We assume familiarity with the facts and procedural history. We affirm the district court's ruling.

Sharif was employed as a paraprofessional at School # 9 in the Rochester City School District and supervised by its principal, Willie Buck. During the 1994–95 school year, Sharif and Buck agreed that Sharif could attend religious services on Friday afternoons. When appellant was late in returning from these services one week, appellee disciplined him for his tardiness. Sometime thereafter, appellant's work schedule was changed. Appellant was also the subject of multiple reprimands, complaints, and unsatisfactory performance evaluations based on his tardiness, insubordination and poor job performance. The Rochester School Board voted to terminate Sharif in 1996.

This Court reviews orders granting summary judgment de novo, focusing on whether the district court properly concluded that there was no genuine issue of material fact and that the moving party was entitled to summary judgment as a matter of law. *See Miller v. Wolpoff &*

*Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003).

█ The district court did not err in granting summary judgment on Sharif's wrongful termination claim. Employment discrimination actions brought as equal protection claims under 42 U.S.C. § 1983 are subject to the same evaluation as Title VII claims. *See Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 123 (2d Cir.2004). In order to establish a prima facie case of discriminatory discharge under Title VII, a plaintiff must show that (1) he belongs to a protected class; (2) he was performing his duties satisfactorily; (3) he was discharged; and (4) the discharge occurred under circumstances sufficient to create an inference of discrimination. *See Chambers v. TRM Copy Ctrs.*, 43 F.3d 29, 37 (2d Cir.1994). In this case, as the district court properly found, the evidence demonstrated that Sharif's performance was unsatisfactory. He had received numerous written and verbal disciplinary complaints and two poor annual evaluations. Sharif has submitted no evidence that disputes the facts set out in these complaints and evaluations. Additionally, Sharif offers no evidence, aside from his conclusory allegations and his references to Buck's question about his kufi, that gives rise to an inference that the termination occurred on the basis of his religion. Because he has failed to make out a prima facie case on this claim, the district court properly dismissed it.

█ Similarly, the district court properly dismissed Sharif's claim that he was discriminated against or harassed on the basis of his religion prior to his discharge. Sharif presented no evidence that the change to his work schedule affected his attendance at Friday religious services, nor has he challenged the accuracy of the union's determination that the schedule change was made to accommodate other,

non-discriminatory purposes. Accordingly, this claim was properly dismissed.

The district court also properly dismissed Sharif's due process claims based on the handling of Sharif's grievances by the Rochester Association of Paraprofessionals. He has never alleged, nor is there any evidence to support, that Buck had any control over the actions taken by the Rochester Association of Paraprofessionals, nor has Sharif ever named the Rochester Association of Paraprofessionals as a defendant in his complaint.

We have carefully considered Sharif's remaining arguments and find them to be without merit.

For the reasons set forth above, the decision of the District Court of the Western District of New York is hereby **AFFIRMED.**